**Electronically Filed
Intermediate Court of Appeals
30491
17-DEC-2013
08:46 AM**

NO. 30491

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MICHAEL S. FURTADO, Plaintiff-Appellant, v. AOAO GOLF VILLAS,
JOHN DOE ENTITIES 1-10, and DOE ENTITIES 1-10,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 09-1-0153(3))

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Plaintiff-Appellant Michael S. Furtado (Furtado) appeals from a Circuit Court of the Second Circuit (Circuit Court) April 9, 2010 Judgment in favor of Defendant-Appellee Association of Apartment Owners of the Golf Villas (Golf Villas).[1] Furtado filed a complaint in Circuit Court alleging two causes of action for breach of (1) an alleged employment agreement in Furtado's capacity as Golf Villas's Maintenance Supervisor and (2) a lanai retrofit bonus agreement. Golf Villas filed a Motion for Summary Judgment (MSJ) on Furtado's complaint and the Circuit Court granted Golf Villas's MSJ in its entirety.

On appeal, Furtado maintains that the Circuit Court erred in granting Golf Villas's MSJ as to his two breach of contract claims because for each claim (1) genuine issues of

---

[1] The Honorable Joseph E. Cardoza presided.

material fact existed, and (2) Golf Villas was not entitled to judgment as a matter of law.[2]

After a careful review of the record, the points raised by the parties, their arguments and the applicable legal authority, we resolve Furtado's appeal as follows and affirm.

1. The Circuit Court did not err by granting Golf Villas's MSJ as to Furtado's claim for breach of an employment agreement for permanent or life-long employment because viewing the evidence in the light most favorable to Furtado, there was no genuine issue of material fact for trial and Golf Villas was entitled to judgment as a matter of law. Thomas v. Kidani, 126 Hawai'i 125, 129-30, 267 P.3d 1230, 1234-35 (2011).

a. Golf Villas produced evidence of no genuine issue of material fact as to Furtado's at-will employment status. See Shoppe v. Gucci America, Inc., 94 Hawai'i 368, 383, 14 P.3d 1049, 1064 (2000) (In Hawai'i, the at-will employment doctrine prevails absent "a written employment agreement, a collective bargaining agreement, or a statutorily-conferred right[.]"). Neither Golf Villas's actions nor the language of Golf Villas's Employee Handbook can be said to have encouraged Furtado's reliance as to permanent or life-long employment as Maintenance Supervisor.

Golf Villas produced evidence that all of Golf Villas's employees were at-will, and Golf Villas never considered or discussed whether to change Furtado's at-will status, much less entered into a written agreement with him. Moreover, Golf Villas's Employee Handbook clearly and unambiguously states that

---

[2] We note that Furtado's opening brief fails to properly cite to the record on appeal. Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(3) provides that an appellant's opening brief shall include "[r]ecord references," which "shall include page citations and the volume number, if applicable." Here, Furtado's opening brief does not cite to pages in the 547-page record on appeal, but only to the Circuit Court's docket numbers. Accordingly, counsel is reminded that "the appeal may be dismissed or the brief stricken and monetary or other sanctions may be levied by the appellate court." HRAP Rule 30.

Furtado's employment was at-will and could be terminated at any time with or without notice and with or without cause.

After Golf Villas produced sufficient evidence to establish no genuine issue of material fact, the burden shifted to Furtado to demonstrate specific facts presenting a genuine issue worthy of trial. Hawai'i Rules of Civil Procedure (HRCP) Rule 56(e); Exotics Hawai'i-Kona, Inc. v. E.I. Du Pont De Nemours & Co., 116 Hawai'i 277, 312, 172 P.3d 1021, 1056 (2007). Even when taking the evidence in the light most favorale to him, we conclude that Furtado failed to produce specific evidence of an agreement modifying his at-will employment.

Furtado does not allege, and we do not find, any evidence supporting the existence of a written agreement with Golf Villas altering his at-will employment status. Furthermore, we do not agree, as Furtado alleges, that his at-will status was altered by (1) an oral promise, (2) detrimental reliance, (3) continuous employment, or (4) Golf Villas's references to an "agreement."

b. Golf Villas was entitled to judgment as a matter of law because it showed that based on the undisputed facts, Furtado could not meet his burden of proof at trial on his claim for breach of an employment agreement for permanent or life-long employment. See Thomas, 126 Hawai'i at 130, 267 P.3d at 1235 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986)).

2. The Circuit Court did not err by granting Golf Villas's MSJ as to Furtado's claim for breach of a lanai retrofit agreement because there was no genuine issue of material fact for trial and Golf Villas was entitled to summary judgment as a matter of law. Furtado argues that the terms of the lanai retrofit agreement required that he retrofit all of Golf Villas's lanais for $4000 each and that he was guaranteed work for up to ten years. We disagree.

3

a. Golf Villas satisfied its burden of producing support for its claim that there was no genuine issue of material fact. The retrofit agreement did not guarantee that Furtado would retrofit a certain number of lanais or that Furtado would complete these lanai retrofits over a certain number of years.

After Golf Villas produced sufficient evidence to establish no genuine issue of material fact, Furtado did not meet his burden of producing specific evidence raising a genuine issue of material fact. HRCP Rule 56(e); Exotics Hawai'i-Kona, Inc., 116 Hawai'i at 312, 172 P.3d at 1056. He failed to produce specific evidence of an agreement requiring that he retrofit all of Golf Villas's lanais over a period of approximately ten years. Furtado has not demonstrated that the terms of the lanai retrofit agreement were "sufficiently definite or reasonably determinable to withstand a motion for summary judgment." Hi-Pac, Ltd. v. Avoset Corp., 26 F. Supp. 2d 1230, 1236 (D. Haw. 1997).

Furtado's reference to five separate documents in his Opening Brief in support of his argument that Golf Villas "admitted in writing on many occasions that there was a Retrofit Agreement that would last for up to ten years" is not helpful to his case. The November 2, 2004 meeting in regards to "Furtado's Agreement on Lanai Retrofit[,]" the November 15, 2004 and January 23, 2006 mortgage verification letters, and the two emails from Joan Mayo do not discuss the number of lanais that Furtado would retrofit or guarantee that Furtado would perform lanai retrofits for a definite length of time.

b. Golf Villas was entitled to judgment as a matter of law because it showed that based on the undisputed facts, Furtado cannot meet his burden of proof at trial on his claim for breach of the lanai retrofit agreement. See Thomas, 126 Hawai'i at 130, 267 P.3d at 1235 (citing Celotex Corp., 477 U.S. at 322, 106 S.Ct. 2548).

Based on the foregoing, Furtado is unable to meet his burden to establish the existence of a lanai retrofit agreement with the terms that he has alleged. Consequently, we conclude

4

that the Circuit Court did not err in granting Golf Villas's MSJ as to Furtado's claim for breach of the lanai retrofit agreement.

Therefore,

IT IS HEREBY ORDERED that the Circuit Court of the Second Circuit's April 9, 2010 Judgment is affirmed.

DATED:  Honolulu, Hawai'i, December 17, 2013.

On the briefs:

James Richard McCarty,
for Plaintiff-Appellant.

*Craig H. Nakamura*

Chief Judge

Barbara A. Krieg
Zachary A. McNish
(Alston Hunt Floyd & Ing),
for Defendant-Appellee.

Associate Judge

Associate Judge